UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CR-00007-JHM

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

TYSLEN J. BAKER                                                     DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Suppress [DN 35]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Suppress is **DENIED**.

## I. BACKGROUND

On July 31, 2018, this Court conducted a hearing on Defendant's Motion to Suppress. The following evidence was established at that hearing:

On January 25, 2017, Officer Zacharey Render was on duty for the Madisonville Police Department. While patrolling that evening, Officer Render became aware through the e-warrant system that a judge in Webster County had issued a warrant for the arrest of Defendant Tylsen Baker, who was accused of receiving stolen property. The warrant listed Baker's address as 302 North Kentucky in Madisonville. Officer Render decided to serve the arrest warrant and recruited the help of another Madisonville Police officer, Danny Knelson, to assist.

The officers arrived at the premises and found it to be a business location with the lights on and a neon sign in the window indicating the business was open. Although the door was locked, a man appeared at the door and let the officers come inside. Officer Render stepped across the threshold, making a comment about it being cold outside.[1] Once inside, Officer Render asked the

---

[1] Defendant has filed a Motion to File Exhibits by Non-ECF Means [DN 44] requesting that footage from a Hopkins County District Court proceeding be included because this footage includes an admission by Officer Render that on the night in question, he asked Baker if he could step inside the premises because it was cold outside. The Court

man for his identification. Baker turned and walked through a doorway into a different part of the building. As was his policy when serving an arrest warrant, Officer Render followed Baker in order to maintain visual contact. Baker went out of the store area into a residential area of the premises where he retrieved his identification and presented it to Officer Render.

In the meantime, Officer Render noticed a firearm in the corner of the room. He asked Baker if he was a convicted felon and Baker confirmed that he was. At that time, Officer Render placed Baker under arrest for being a felon in possession of a firearm. Officer Render also saw a jar that he suspected contained marijuana and a set of scales. One of the officers performed a search incident to arrest and found crack cocaine on Baker's person. Later that night, Officer Render obtained a search warrant and multiple firearms and drugs were recovered from the premises. Baker is now charged with intent to distribute methamphetamine, intent to distribute cocaine, and being a felon in possession of a firearm.

## II. STANDARD OF REVIEW

The Fourth Amendment protects an individual from unreasonable searches and seizures. Generally, this prohibits the warrantless entry of a person's home to make an arrest or conduct a search. However, "For Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carried with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980).

Furthermore, the exclusionary rule generally operates to exclude all evidence seized by use of a defective warrant. Yet, the Supreme Court has held that there is a good faith exception to the exclusionary rule: "the exclusionary rule does not apply when the police conduct a search in

---

witnessed this exchanged by viewing the body camera footage submitted by the Prosecution. For this reason, the Court's decision on this Motion to Suppress would not be influenced by testimony repeating what the Court has already viewed through body camera footage. Defendant's Motion to File Exhibits by Non-ECF Means [DN 44] is **DENIED.**

'objectively reasonable reliance' on a warrant later held invalid." *Davis v. United States*, 564 U.S. 229, 238–39 (2011) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). There are four instances where this good faith exception does not apply: (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where an officer relied on a warrant so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 922.

### III. DISCUSSION

The Court finds that there is no basis on which to exclude the evidence against Baker. Officers Render and Knelson lawfully entered the premises on 302 North Kentucky for the purpose of serving a facially valid arrest warrant issued by a Webster County District Court Judge. Defendant argues that "neither officer testified at the Suppression Hearing that they entered Mr. Baker's residence as a result of the arrest warrant." (Def.'s Reply [DN 43] at 3.) Yet, the testimony indicates otherwise. Both officers confirmed that they went to Baker's residence in order to serve the arrest warrant and had no other purpose for going there that night. According to the testimony, Officer Render looked at the e-warrant list, saw the arrest warrant for Baker, and recruited Officer Knelson to assist him in serving the warrant.

The Court is also not persuaded by Defendant's argument that the arrest warrant exception should not apply because the officers "did not place Mr. Baker in custody upon entry of his premises." (*Id.*) Officer Render acted prudently in waiting to ensure that Baker was the correct person sought in the warrant before making any efforts to detain him. Although he did not

immediately announce that his purpose was to serve an arrest warrant, Officer Render asked for Baker's identification as a first step towards serving the arrest warrant. Additionally, it is of no consequence that by the time Baker was detained, Officer Render had another reason for doing so besides the arrest warrant after confirming that Baker was a felon with a firearm in his possession.

Lastly, Baker argues that the evidence against him must be suppressed because the arrest warrant that led the officers to his property was deficient. The arrest warrant accuses Baker of receiving stolen property on April 19, 2015. (*See* Gov't Ex. 1.) The affiant providing the information necessary to obtain the arrest warrant was a Providence Police Department officer named Alan King, who learned through an interview that stolen property recovered from a pawn shop was purchased from Baker. (*See id.*) Baker contends he could not have been guilty of the crime for which he is accused in the arrest warrant because on April 19, 2015, he was serving jail time. For this reason, Baker argues that the warrant is deficient and, therefore, did not provide justification for the officers' presence in his home.

Defendant is correct in stating that courts "have established that officers may not rely on a facially deficient warrant lacking in probable cause as a basis for their action." (*Id.* at 4.) However, this principle is not applicable to the case at hand because the arrest warrant for Baker was neither facially deficient nor lacking in probable cause. Rather, the affidavit of a police officer provided probable cause to believe that stolen property had been purchased from Baker. Although information leading to the probable cause determination may have been false, there is no evidence that the affiant knew it was false or made the statement with reckless disregard to its truth. Specifically, the Court has no reason to believe that the affiant should have known Baker was incarcerated on the date of the alleged offense.

Once the warrant was issued, Officers Render and Knelson had no reason to doubt its validity and acted in good faith in going to arrest Baker. Therefore, although the arrest warrant may be later held invalid, the exclusionary rule does not apply since Officers Render and Knelson entered Baker's home on an "objectively reasonable reliance" on a facially valid arrest warrant.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Suppress is **DENIED**.

*Joseph H. McKinley Jr.*

August 29, 2018

cc: counsel of record