## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CRIMINAL ACTION NO: 4:17-CR-00007-JHM**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**

**TYSLEN J. BAKER**                                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Tyslen Baker's Motion to Release United States Currency. [DN 79]. Fully briefed, the matter is ripe for decision. For the following reasons, Baker's motion is **DENIED**.

### I. BACKGROUND

Baker pleaded guilty to two counts of possession with intent to distribute methamphetamine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) and entered into a plea agreement. [DN 50]. In the plea agreement, Baker acknowledged the indictment sought to forfeit all property seized during the investigation and the government would seek forfeiture of items covered by the Notice of Forfeiture in the Indictment. [DN 50 ¶¶ 1, 10]. Later, this Court entered a Preliminary Order of Forfeiture that forfeited, among other things, $14,512. [DN 65 at 2]. Baker appealed the Court's suppression ruling as permitted under the plea agreement—the Sixth Circuit affirmed this Court's ruling. [DN 50 ¶ 12, DN 77 at 3]. Baker now moves to release $7,000 of the $14,512 that the government forfeited.[1] [DN 79].

---

[1] While the specific rule of procedure that Baker's motion is based on is not identified in his motion, the Court assumes that he moves for the return of personal property under Federal Rule of Criminal Procedure 41(g). Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). As the Court explains in this Memorandum Opinion and Order, this rule cannot be used to relitigate the forfeiture issue in this case.

## II. DISCUSSION

Baker requests that the Court order the return of $7,000 seized by the United States. [DN 79 at 1]. He relies on two grounds to assert that he is entitled to the $7,000: (1) the seizure violated his Fourth Amendment rights and (2) the $7,000 is unrelated to his federal case. [*Id.* at 1–2, DN 80 at 4]. The United States responds that Baker's motion must be denied because Baker promised in his plea agreement to forfeit all seized property.[2] [DN 81 at 1]. The United States also argues that Baker did not appeal the forfeiture order. [*Id.*].

Federal Rule of Criminal Procedure 32.2(b)(4)(A) says, in part, that "[a]t sentencing--or at any time before sentencing if the defendant consents--the preliminary forfeiture order becomes final as to the defendant." Indeed, the Sixth Circuit has stated, "the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant. A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997).

Here, the Court's preliminary forfeiture order, which included forfeiture of the $7,000 Baker requests, was final as to Baker when he was sentenced. [DN 65].[3] The order says that it "is hereby fully incorporated and made part of the defendant's Judgment and Commitment, without

---

[2] The Court does not address Baker's complaint that the $7,000 is not relevant to his federal case here (although, it appears that it is) because it does not change the outcome—Baker agreed to the forfeiture in his plea agreement. [DN 50 ¶¶ 1, 10].

[3] Baker says that he has no knowledge of the preliminary forfeiture order. [DN 82 at 3]. Baker was represented by counsel when the Court entered the order. Additionally, the indictment included a Notice of Forfeiture. [DN 1 at 3]. The Bill of Particulars for the Forfeiture of Property specifically included that the government was seeking forfeiture of $14,512. [DN 18 at 1]. Then, the Plea Agreement says that the government will "demand forfeiture of items covered by the Notice of Forfeiture in the Indictment." [DN 50 ¶ 10]. In the change of plea hearing before the magistrate judge that Baker was present at, the government summarized the terms of agreement, which included the government explaining that it would seek forfeiture of items covered by the Notice of Forfeiture. Baker said that he went over the written agreement with his attorney before he signed it and that he felt comfortable with his understanding of all the terms and conditions in the plea agreement.

further order of this Court, to be entered on or about sentencing of the defendant." [DN 65 at 3]. Because a criminal forfeiture is part of Baker's sentence, it "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (citations omitted). In other words, Baker had an "obligation to attack the criminal forfeiture on direct appeal." *United States v. Nguyen*, No. 3:14-CR-00065-GNS-1, 2017 WL 4478012, at *3 (W.D. Ky. Oct. 6, 2017). Baker appealed the Court's suppression ruling as permitted under the plea agreement, but he did not appeal the forfeiture. [DN 77]. Of course, here, Baker waived the right to attack the criminal forfeiture under his plea agreement. [DN 50 ¶ 12]. Thus, Baker cannot challenge the criminal forfeiture of the $7,000.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Baker's motion is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

February 4, 2021

cc:
counsel of record
Tyslen Baker, pro se